## THE MAYOR, COUNSELLOR AND ALDERMEN OF THE CITY OF ANNAPOLIS, *vs.* LUTHER H. GADD ET AL.

*Time of Filing Certificate of Nomination of Municipal Officers for Election in the City of Annapolis—Jurisdiction to Issue Injunction.*

Appeal from an order of the Circuit Court for Anne Arundel County (REVELL, J). *Reversed.*

This is an appeal from the Circuit Court for Anne Arundel County sitting as a Court of equity. The appeal is from an order granting an injunction. The bill of complaint was filed by certain parties who were nominated, a few days ago, by one of the political parties for Mayor and other municipal offices. The bill alleges that the opposite political party which

held its nominating convention on June 29th, filed with the City Clerk a certificate naming its candidates for the same offices. It is further alleged that as that certificate was filed with the City Clerk less than fifteen days anterior to the city election which is required to be held on the second Monday of the current month of July it was filed too late. It is also insisted in the bill that it will be unlawful for the City Clerk to place upon the official ballot the names of the persons so nominated on June 29th. This contention is founded on the provisions of sec. 42 of Art. 33 of the Code of Public General Laws. That section reads as follows: Except in cases provided for by sec. 46, and cases of special elections to fill vacancies in office caused by death, resignation or otherwise, such certificates of nomination shall be filed, respectively, with the Secretary of State not less than twenty days, and with the Boards of Supervisors of Elections not less than ten days before the day of election. In connection with the section just cited the provisions of the Act of 1894, ch. 533, must be considered. Whilst the last named Act directs the judges and clerks of the municipal election to be appointed by the city authorities, it distinctly requires those judges and clerks to conform in every respect to the provisions of the Code of Public General Laws relating to elections, and emphatically prohibits the Supervisors of Election in Anne Arundel County from exercising any duties or assuming any responsibilities in connection with any municipal election held by the city of Annapolis. There is not a word in either the general or the local law requiring nomination certificates for municipal offices to be filed with the Election Supervisors or with any other official; but we have been informed at the argument that the practice has been to file such certificates with the City Clerk. Assuming that this practice is regular there is not a single suggestion that such certificates must be filed not less than fifteen days before a city election. We are, however, asked to say that because such certificates relating to county offices must be filed not less than fifteen days before a county election, a like requirement must be held as applying to city elections. But we cannot accede to that request be-

cause the statute does not impose such a duty upon any candidates. As the whole ground of the pending bill is the assumption that it would be illegal for the City Clerk to put on the official ballot the names furnished him on June 29th, and as that assumption is wholly unfounded there is nothing to support the proceeding.

But apart from all this it is quite obvious that a Court of equity has no jurisdiction to issue an injunction to restrain the City Clerk from putting on the official ballot the names of the parties mentioned in the certificate filed June 29th. We all agree the injunction issued should not have been granted, and the decretal order appealed against will be reversed and the bill will be dismissed, and it is accordingly so ordered.

Opinion *per curiam* filed July 2nd, 1903. *Elihu S. Riley* and *W. Hallam Claude*, for the appellants. *E. C. Gantt*, for the appellees.